IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00893-PAB-KMT

JOHNNY SABBATH,

      Plaintiff,

v.

J. HICKS, Correctional Officer, and
K. HICKS, S.I.S., Special Investigative Supervisor, in their individual and official
capacities,

      Defendants.

_____

**ORDER**
_____

      This matter is before the Court on the Recommendation of United States

Magistrate Judge (the "recommendation") [Docket No. 59] filed on February 19, 2021.

The recommendation addresses plaintiff Johnny Sabbath's amended complaint, Docket

No. 32, and recommends granting in part and denying in part Defendants' Motion to

Dismiss Amended Complaint.  Docket No. 39.  Defendant K. Hicks filed a written

objection to the recommendation on March 5, 2021.  Docket No. 66.  Plaintiff, who did

not respond to the motion to dismiss, filed an untimely objection to the

recommendation.  Docket No. 67.  Because plaintiff is *pro se*, the Court construes his

filings liberally without serving as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

Plaintiff is an inmate who, at the time of the events relevant to this matter, was incarcerated at the United States Penitentiary, Administrative Maximum Facility ("ADX").[2]  Docket No. 32 at 2, ¶ 3.  Plaintiff practices a religion known as "Sabaean-Nuwaupian."  *Id.* at 4, ¶ 7.  On approximately August 29, 2018, defendant K. Hicks, who is a Special Investigative Supervisor, *id.* at 3, removed "religious books, notes, [and] photos of Eg[y]ptian h[ie]roglyphs, deities and community members" from plaintiff's cell.  *Id.* at 4, ¶ 8.  K. Hicks then denied plaintiff a "confiscation slip" and falsely claimed that "the religious property, notes, and photos belonged to another inmate" and was "nuisance contraband."  *Id.*, ¶ 9.  On approximately January 11, 2018, K. Hicks told plaintiff that she had destroyed these materials.  *Id.* at 4–5, ¶ 10.  After similar materials were confiscated in June 2019, defendants stated that they took plaintiff's materials because (1) plaintiff wrote about his religion, (2) the Bureau of Prisons ("BOP") does not recognize plaintiff's religion, and (3) the property contained coded material.  *Id.* at 6–7, ¶¶ 16–20.

Plaintiff alleges that these actions, among others discussed in the magistrate judge's recommendation, violate his rights under the First Amendment, Fifth

---

[1] The Court assumes that the allegations in plaintiff's amended complaint are true in considering the motion to dismiss.  *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).  The Court recounts only those facts necessary to resolve the motion to dismiss and review the magistrate judge's recommendation.

[2] Plaintiff has notified the Court that he has since been transferred to the United States Penitentiary, Florence High.  Docket No. 61 at 1.

Amendment,[3] and the Religious Freedom Restoration Act ("RFRA").  *Id.* at 8–13, ¶¶ 23–36.  Plaintiff sues defendants in their individual and official capacities for declaratory and injunctive relief and damages.  *Id.* at 3, 13–16.  Defendants moved to dismiss each of plaintiff's claims pursuant to Rule 12(b)(6) on August 7, 2020.  Docket No. 39.  Plaintiff did not respond.[4]

Magistrate Judge Tafoya recommends granting in part and denying in part defendants' motion.  Docket No. 59 at 18.  As relevant here, the magistrate judge recommends that plaintiff's First Amendment free speech claim asserted against K. Hicks related to the confiscation of materials on August 29, 2018 should proceed only to the extent plaintiff seeks equitable relief.  *Id.*

K. Hicks objects that the magistrate judge erred in her recommendation because plaintiff failed to plead facts giving rise to a "reasonable inference that [] K. Hicks violated his First Amendment rights by confiscating these items absent any legitimate penological purpose."  Docket No. 66 at 2–3.  Plaintiff did not file timely objections to

---

[3] The magistrate judge noted that, while plaintiff "styles some of his claims as Fourteenth Amendment claims," no "'constitutional tort action under the Fourteenth Amendment may be brought against a federal officer' because that Amendment applies only to state action.  Docket No. 59 at 2 n.1 (quoting *Tucker v. United States*, 2013 WL 4498897, at *4 (D. Utah Aug. 19, 2013) (collecting cases)); *see also Doe v. Univ. of Denver*, 952 F.3d 1182, 1187 (10th Cir. 2020).  As such, the magistrate judge considered plaintiff's claims as brought under the Fifth Amendment.  *Id.*

[4] On August 31, 2020, plaintiff sought for a 30-day extension of time to respond to the motion to dismiss.  Docket No. 47.  The magistrate judge granted plaintiff's motion and permitted him to respond by September 28, 2020.  Docket No. 49.  Rather than respond to defendants' motion to dismiss, however, plaintiff attempted to file an amended complaint on September 21, 2020.  Docket No. 51.  That proposed amended complaint was stricken for failure to comply with Federal Rule of Civil Procedure 15(a).  Docket No. 52.  Plaintiff did not subsequently file any responsive pleading.

the magistrate judge's recommendation, which were due on March 5, 2021.  Docket No.

59.  Rather, he filed a document that, though titled as an objection, provides no specific

response to the recommendation but instead seeks reconsideration of the magistrate

judge's order striking plaintiff's second amended complaint, Docket No. 52, and denying

appointment of counsel, Docket No. 53.  *See* Docket No. 67 at 3–4.  For the reasons

stated below, the Court construes plaintiff's filing as a motion for reconsideration.

## II.  LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition

that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if

it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059

(10th Cir. 1996).  A specific objection "enables the district judge to focus attention on

those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.*

In the absence of an objection, the district court may review a magistrate judge's

recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985)

("It does not appear that Congress intended to require district court review of a

magistrate's factual or legal conclusions, under a *de novo* or any other standard, when

neither party objects to those findings.").  The Court therefore reviews the non-objected

to portions of the recommendation to confirm that there is "no clear error on the face of

the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review

is something less than a "clearly erroneous or contrary to law" standard of review, Fed.

R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

Because plaintiff is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate.  *See Hall*, 935 F.2d at 1110.

## III.  Defendant K. Hicks's Objection

Defendants moved to dismiss plaintiff's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Docket No. 39 at 1.  To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  However, a plaintiff still must provide "supporting factual averments" with his allegations.  *Cory v. Allstate Insurance*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)); *see also Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002) (stating that a court "need not accept [] conclusory allegations").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

To state a "free speech" claim under the First Amendment, a plaintiff inmate must plausibly allege facts showing, first, that the actions at issue impinged on the plaintiff's free speech rights and, second, that the actions were not reasonably related to a legitimate penological interest.  *Al-Owhali v. Holder*, 687 F.3d 1236, 1239 (10th Cir. 2012); *see also Gee v. Pacheco*, 627 F.3d 1178, 1188 (10th Cir. 2010).

In their motion to dismiss, defendants argue, among other things, that plaintiff's free speech claim[5] should be denied because plaintiff has not "support[ed] [his] assertions with factual detail that would enable the Court to draw a plausible inference

---

[5] As mentioned above, plaintiff claims that, on approximately August 29, 2018, defendant K. Hicks removed "religious books, notes, [and] photos of Eg[y]ptian h[ie]roglyphs, deities and community members" from plaintiff's cell.  Docket No. 32 at 4, ¶ 8.  She then denied plaintiff a "confiscation slip," "falsely claiming [that] the religious property, notes[,] and photos belonged to another inmate" and was "nuisance contraband."  *Id.*, ¶ 9.

that Defendant K. Hicks'[s] actions lacked a legitimate penological purpose," meaning that plaintiff failed to plausibly allege the second requirement for a free speech claim. Docket No. 39 at 12.  Rather, defendants argued in their motion, plaintiff acknowledges that K. Hicks removed the material from his cell "because she believed that the property belonged to another inmate."  *Id.* (citing Docket No. 32 at 4, ¶ 9).  Defendants state that this is a legitimate penological interest according to BOP policy, which holds that "items obtained from other inmates without staff authorization are considered to be 'nuisance contraband.'"  *Id.*  Moreover, defendants argue, plaintiff has not identified the specific materials he was prevented from possessing; "nor does he allege specific facts showing that Defendant K. Hicks had no reasonable basis to restrict his access to these materials.  In short, Plaintiff has failed to meet his burden to plead that the officers' correctional decisions about his property were not reasonably related to a legitimate penological interest, requiring dismissal of his claims."  *Id.*

The magistrate judge recommends that the Court permit plaintiff to proceed with the free speech claim related to K. Hicks's confiscation of his religious materials on August 29, 2018.  Docket No. 59 at 13.  The magistrate judge noted that, as defendants state, BOP policy considers "items obtained from other inmates without staff authorization to be 'nuisance contraband'."  *Id.* at 12.  However, "the policy does not allow a defendant to *falsely claim* materials are contraband in order to remove the materials from a prisoner's cell, as Plaintiff alleges."  *Id.*  Therefore, the magistrate judge concluded that plaintiff "has stated a claim that Defendant K. Hicks violated his First Amendment free speech rights related to her alleged confiscation of materials from

his cell on August 29, 2018." *Id.*

K. Hicks objects to the magistrate judge's recommendation on similar grounds as defendants moved to dismiss the claim.  She argues that the magistrate judge's conclusion that plaintiff's "inclusion of the word 'falsely' is, by itself, sufficient to state a viable First Amendment claim" was in error because that is a conclusory allegation. Docket No. 66 at 5.  Thus, K. Hicks objects, plaintiff failed to "state a plausible First Amendment free speech claim" because plaintiff "does not plead facts from which a reasonable inference can be drawn that [the] confiscation . . . was not reasonably related to a legitimate penological interest." *Id.* at 4.  As she argued in her motion to dismiss, she objects that plaintiff has not provided factual allegations that "would give rise to a reasonable inference that K. Hicks confiscated these materials under false pretenses." *Id.* at 6.  Plaintiff's allegations could be plausible if he alleged facts describing the "content of these books, notes, and photographs," why "these materials did not violate institution policy," "where he obtained these materials," and the circumstances in which K. Hicks "confiscated the materials, or the events leading up to such confiscation." *Id.*

The Supreme Court has stated that "federal courts must take cognizance of the valid constitutional claims of prison inmates.  Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Turner v. Safley*, 482 U.S. 78, 89 (1987) (internal citation omitted).  However, the Court has also made clear that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id.*  This

8

standard is necessary because "prison administrators . . ., and not the courts, [are] to make the difficult judgments concerning institutional operations." *Jones v. N.C. Prisoners' Union*, 433 U.S. 119, 128 (1977). "Subjecting the day-to-day judgments of prison officials to an inflexible strict scrutiny analysis would seriously hamper their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration." *Turner*, 482 U.S. at 89.

An inmate, like any other plaintiff pleading a First Amendment claim, must "plead sufficient factual allegations 'to raise a right to relief above the speculative level.'" *Gee*, 627 F.3d at 1187 (quoting *Twombly*, 550 U.S. at 555). A plaintiff "must do more than plead facts that establish 'a sheer possibility that a defendant has acted unlawfully,' or 'facts that are merely consistent with a defendant's liability.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). Given the plausibility standard, and the rule in *Turner* allowing restrictions on constitutional rights that are reasonably related to legitimate penological interests, a plaintiff in this context "must include sufficient facts to indicate the plausibility that the actions of which he complains were not reasonably related to legitimate penological interests." *Id.* at 1187–88. A plaintiff need not "identify every potential legitimate interest and plead against it"; nor must pro se prisoners "plead, exhaustively, in the negative in order to state a claim. It is sufficient that he plead facts from which a plausible inference can be drawn that the action was not reasonably related to a legitimate penological interest." *Id.* at 1188. This may "require the inmate to 'recite[ ] facts that might well be unnecessary in other contexts. For example, . . . a prisoner claim may not be plausible unless it alleges facts that explain why the usual

justifications for the complained-of acts do not apply.'" *Khan v. Barela*, 808 F. App'x 602, 607 (10th Cir. 2020) (unpublished) (quoting *Gee*, 627 F.3d at 1185).

In *Gee*, the Tenth Circuit held that the plaintiff had stated a plausible claim when he alleged that the defendant "intentionally, and for the purpose of harassing him, confiscated and destroyed letters sent to him by persons outside the prison under the guise of sticker and perfume violations." *Gee*, 627 F.3d at 1188 (internal citation omitted). Similarly, the plaintiff stated a plausible claim when he alleged that he had placed adequate postage on outgoing mail yet the defendant did not give a reason for not processing his mail.[6] *Id.*

When compared to the plaintiffs' allegations in *Gee*, plaintiff's allegations here are similarly plausible. Plaintiff states that K. Hicks removed books, notes, and photos from his cell, "falsely claiming" that the materials were another inmate's, and denied him a confiscation slip. Docket No. 32 at 4, ¶¶ 8–9. While the allegations could be more detailed, plaintiff also provided his complaint form,[7] where identified the three specific books and other items that were taken and when they were taken. Docket No. 32 at 21–22. Moreover, unlike the June 27, 2019 confiscation, for which he was provided a confiscation slip and explanation, *see id.* at 20, 23, he was refused a confiscation slip

_____

[6] The Tenth Circuit noted that five paragraphs in the plaintiff's complaint were sufficient to plausibly state his claims. *Id.* The plaintiff's allegations included that "under the guise of a vague 'sticker' mail violation, defendant . . . confiscated and destroyed a letter . . . addressed to plaintiff." Complaint at 11, *Gee v. Pacheco*, No. 06-cv-00029 (D. Wyo. Aug. 4, 2008), Docket No. 1 at 11. The plaintiff also alleged multiple times that, "[t]o harass plaintiff, defendant . . . held [a] letter . . . and returned it to plaintiff without reason for not sending it." *Id.*

[7] The Court considers this document because it was incorporated by reference in plaintiff's complaint and its authenticity is not in dispute. *See Gee*, 627 F.3d at 1188.

for the August 19, 2018 confiscation, *see id.* at 21, which lends plausibility to plaintiff's allegations that K. Hicks falsely claimed that the materials were another inmate's and did not have a legitimate penological interest in removing plaintiff's materials. The Court thus agrees with the magistrate judge that these allegations state a plausible claim for a violation of plaintiff's First Amendment rights.

## IV. Plaintiff's Objection

The Court first considers plaintiff's argument that, contrary to the magistrate judge's contention, he responded to defendants' motion to dismiss. Docket No. 67 at 2–3. Plaintiff states that he submitted a second amended complaint, which was intended to respond to defendants' motion. *Id.* Plaintiff, however, is mistaken. As discussed above, plaintiff filed an amended complaint on July 16, 2020. Docket No. 32. Defendants filed their motion to dismiss, in response to plaintiff's amended complaint, on August 7, 2020. Docket No. 39. While plaintiff attempted to file a second amended complaint on September 21, 2020, Docket No. 51, that document was stricken for failure to comply with Federal Rule of Civil Procedure 15(a). Docket No. 52. Thus, plaintiff did not respond to defendants' motion to dismiss.[8]

The Court must next consider the timeliness of plaintiff's objection. The Tenth

---

[8] Generally, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished). Application of this waiver rule means that a pro se plaintiff may not forego responding to a motion to dismiss yet have his arguments heard by a district judge considering the magistrate judge's recommendation. However, as discussed below, plaintiff raises no specific objections that the Court would deem to have been waived, and the Court considers his purported objection to be a motion for reconsideration.

Circuit has held that "objections to [a] magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *2121 East 30th St.*, 73 F.3d at 1060.  The magistrate judge issued her recommendation on February 19, 2021.  Docket No. 59.  In that recommendation, the magistrate judge explained that parties "may serve and file written objections" within fourteen days "after service of a copy of this Recommendation."  Docket No. 59 at 19 (citing Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995)).  The parties' objections were therefore due by March 5, 2021.  Plaintiff's objection, however, was docketed on March 8, 2021.

Plaintiff's objections are thus untimely unless they were mailed in compliance with the "prison mailbox rule."  That rule states that a document is considered timely if given to prison officials prior to the filing deadline – here, March 5, 2021 – regardless of when the Court receives the documents.  *Price v. Philpot*, 420 F.3d 1158, 1164-67 (10th Cir. 2005)*; see also Green v. Snyder*, 525 F. App'x. 726, 729 (10th Cir. 2013) (unpublished) (finding objections untimely where the prisoner's certificate of mailing did not comply with the prison mailbox rule).  To gain the benefit of the prison mailbox rule, a party must either (1) use the legal mail system or (2) attach a notarized statement or a declaration compliant with 28 U.S.C. § 1746 stating the date the filing was given to prison officials and stating that the filing had pre-paid, first-class postage.  *Philpot*, 420 F.3d at 1166.

While plaintiff dated his objection March 1, 2020, he does not claim that is the date on which he placed it in the prison mail.  *See United States v. Miles*, 343 F. App'x

12

392, 394 (10th Cir. 2009) (unpublished) (finding date "executed" to be insufficient to show that was date document was filed with prison mail).  The Court therefore finds plaintiff's objection untimely and will review the magistrate judge's recommendation for clear error.  *See Summers*, 927 F.2d at 1167; *see also Thomas*, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Even if plaintiff's objection were timely, however, plaintiff acknowledges that he has made no specific objection to the magistrate judge's recommendation.  Thus, the Court could not find plaintiff's objection to be "proper."  *See* Docket No. 67 at 2–3; *see also 2121 E. 30th St.*, 73 F.3d at 1059 (an objection is "proper" if it is both timely and specific, i.e., it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute").  Plaintiff has stated that he "objects to being compelled to object to a ruling based on plaintiff's first amended complaint[,] which was superseded by the second amended complaint and exhibits. Because of this[,] plaintiff cannot effectively object to specific rulings from the Court." Docket No. 67 at 2–3.  As plaintiff has provided no specific objection to the recommendation, the Court reviews the magistrate judge's recommendation for clear error.

Plaintiff also states that he cannot object properly because, due to a COVID-19 outbreak, the "institution is on full lock-down, i.e., no law library, phone, etc." *Id.* at 3–4. Plaintiff has provided a copy of a "USP Florence Lockdown Notification," which appears

to be signed by the associate warden and dated February 18, 2021. *Id.* at 5.[9]  The notification appears to confirm that inmates "will not have access to the main institution legal law library which may temporarily affect their ability to meet pending court deadlines." *Id.*  However, plaintiff did not request an extension of time to file a specific objection to the magistrate judge's recommendation or seek other appropriate relief.

Rather, the Court construes plaintiff's objection[10] as a motion for reconsideration of the orders striking his second amended complaint, Docket No. 52, and denying him assistance of counsel, Docket No. 53.  *See* Docket No. 67 at 3–4.  The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *See Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995).  Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter* 313 F.2d 91, 92 (10th Cir. 1962).  Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

---

[9] The notification states, "The United States Penitentiary in Florence, Colorado was placed on lock-down status on February 12, *2020*, to control the spread of COVID-19.  It is expected that these measures will be in place until March 14." *Id.* (emphasis added).

[10] The Court notes that, to the extent plaintiff objects to these non-dispositive orders, his objections are not timely.  A party may "serve and file objections [to a non-dispositive order] within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  This is the same standard that the Court would apply to these orders had plaintiff timely objected. *See* Fed. R. Civ. P. 72(a).  When applying the "clearly erroneous" standard, the Court is not entitled to reverse the magistrate judge's findings "simply because it is convinced that it would have decided the case differently," and the Court may not decide factual issues de novo.  *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 123 (1969)). Instead, under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Plaintiff has provided no argument that the magistrate judge committed a mistake in striking his proposed second amended complaint or in denying his motion to appoint counsel.  As to plaintiff's second amended complaint, the magistrate judge struck plaintiff's proposed complaint for failing to comply with Federal Rule of Civil Procedure 15(a).  Docket No. 52.  Rule 15(a) permits a party to amended a pleading as a matter of course within 21 days after serving it or, if it is a pleading to which responsive pleading is required, as here, within 21 days after service of a responsive pleading or within 21 days of a motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a).  Plaintiff filed his second amended complaint on September 21, 2020, which is

45 days after defendants' August 7, 2020 motion to dismiss, *see* Docket Nos. 39, 51, and 67 days after his first amended complaint. Docket No. 32. Plaintiff's second amended complaint thus could not be amended without leave of court or consent of the defendants. Fed. R. Civ. P. 15(a), (b). Moreover, plaintiff sought leave to file his first amended complaint, *see* Docket No. 24, and the magistrate judge granted plaintiff leave. Docket No. 30. This indicates that plaintiff knew how to comply with Rule 15. Therefore, plaintiff knew that he needed to seek leave to file a second amended complaint and that he could move for leave to file a new complaint after the magistrate judge's order striking his proposed second amended complaint. The Court therefore does not find that the magistrate judge's order striking plaintiff's proposed second amended complaint was clearly in error.

As to plaintiff's motion to appoint counsel, the Court notes that the determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839). The magistrate judge determined that plaintiff had not met his burden to show that the appointment of counsel was warranted. The Court will not modify or set aside this order because plaintiff provides no argument or other indication that the

16

magistrate judge's determination was in error.  The Court therefore accepts the magistrate judge's recommendation, denies plaintiff's request for reconsideration, and, to the extent plaintiff objects to the recommendation, overrules his objections.

## IV.  CONCLUSION

It is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket 59] is **ACCEPTED**.  It is further

**ORDERED** that Defendant K. Hicks' Partial Objection to Recommendation [Docket No. 66] is **OVERRULED**.  It is further

**ORDERED** that the Defendant's Motion to Dismiss [Docket No. 39] is **GRANTED in part** and **DENIED in part**.  It is further

**ORDERED** that plaintiff's claims for money damages against defendants in their official capacities are **DISMISSED**.  It is further

**ORDERED** that plaintiff's First and Fifth Amendment claims, to the extent that they seek damages against defendants in their individual capacities are **DISMISSED** with prejudice.  It is further

**ORDERED** that plaintiff's First Amendment free exercise claims are **DISMISSED** with prejudice.  It is further

**ORDERED** that plaintiff's free speech claims against defendant K. Hicks are **DISMISSED** with prejudice.  It is further

**ORDERED** plaintiff's RFRA claim is **DISMISSED** with prejudice.  It is further

**ORDERED** that plaintiff's Fifth Amendment due process claim is **DISMISSED**

17

with prejudice.  It is further

**ORDERED** that defendants are entitled to qualified immunity on the following claims:

(a) plaintiff's First Amendment free exercise claim against both defendants;

(b) plaintiff's First Amendment free speech claim against defendant J. Hicks;

(c) plaintiff's First Amendment free speech claim against defendant K. Hicks regarding general allegations that she interfered with plaintiff's ability to send and receive religious material or to possess religious literature;

(d) plaintiff's RFRA claim both defendants; and

(e) plaintiff's Fifth Amendment due process claim against both defendants. It is further

**ORDERED** that plaintiff's First Amendment free speech claim asserted against defendant K. Hicks related to the confiscation of materials on August 29, 2018 may proceed to the extent plaintiff seeks equitable relief.


DATED March 17, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge